■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS FOX, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered November 4, 1982, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly and voluntarily pleaded guilty *(see, People v Harris,* 61 NY2d 9). The plea was entered prior to a determination of his suppression motions, and he explicitly withdrew "all motions pending or decided" as a condition of his plea. Therefore, he cannot now raise suppression issues on appeal *(People v Fernandez,* 67 NY2d 686; *see also, People v Colarusso,* 103 AD2d 848). Further, the defendant's challenge to the constitutionality of the 1981 amendment to Penal Law § 140.25 (2), which abrogated the distinction between burglaries of dwellings committed during the day and those committed at night *(see,* L 1981, ch 361), classifying both as class "C" violent felonies, is without merit. Assuming that the defendant can raise this issue on appeal *(see, People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338), this amendment has been declared constitutional *(see, People v Kepple,* 98 AD2d 783; *People v Buyce,* 97 AD2d 632). Lastly, the defendant pleaded guilty with knowledge that he would receive the sentence

imposed *(People v Kazepis,* 101 AD2d 816). Bracken, J. P., Weinstein, Spatt, and Harwood, JJ., concur.