■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLIAN JOHNSON, Also Known as MARGARET BOYKINS, Appellant.—Judgment of the Supreme Court, New York County (Richard Andrias, J.), rendered May 24, 1989, which convicted defendant, upon her guilty plea, of burglary in the second degree, attempted grand larceny in the third degree and bail jumping in the second degree, and sentenced her to concurrent indeterminate terms of imprisonment of from 5 to 15 years and 2 terms of from 1 to 3 years, respectively, affirmed.

Defendant gained access to the apartment of a 73-year-old victim by impersonating a police detective, obtaining her bankbooks, checkbook and other banking documents under the pretext of conducting an investigation. Defendant was apprehended later that afternoon after attempting to withdraw money from the victim's bank accounts. During the plea allocution, defendant admitted entering the victim's apart-

ment under false pretenses in connection with a "con game", and the court noted that the mode of entry together with the intent to commit a crime while on the premises constitutes "admi[ssion] to burglary in the second degree". On this appeal defendant contends that the factual allocution for second degree burglary was insufficient, and that the court improperly denied her application to withdraw her plea of guilty to second degree burglary. Defendant also contends that the negotiated sentence was excessive.

The law states that a person is guilty of burglary when he "enters or remains unlawfully" on the premises "with intent to commit a crime therein" (Penal Law §§ 140.20, 140.25, 140.30). When entry is accomplished by means of deception, the trespassory element of the crime is met *(e.g., People v Harrison,* 151 AD2d 778, 779, *lv denied* 74 NY2d 848; *People v Thompson,* 116 AD2d 377, 380-381). *People v Graves* (76 NY2d 16, 20-21), relied upon by the dissent, stops short of disavowing this line of cases, and therefore we adhere to established precedent.

Defendant's claim that the 1981 amendment to Penal Law § 140.25, which eliminated the distinction between burglaries committed during the day and those committed at night, is unconstitutional is unpreserved for appellate review *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914) and is in any event without merit *(People v Fox,* 128 AD2d 722). The sentence defendant received is not excessive as it was part of the bargained-for arrangement disposing of at least three separate indictments. Concur—Kupferman, Kassal and Rubin JJ.

Murphy, P. J., and Ellerin, J., dissent in a memorandum by Murphy, P. J., as follows: I would reverse the judgment and remand for further proceedings. The element of second degree burglary of entering or remaining unlawfully in the premises is not established in the allocution *(see, People v Graves,* 76 NY2d 16).

Defendant pleaded guilty to burglary in the second degree as well as to attempted grand larceny in the third degree and bail jumping in the second degree. The Court sentenced her to an indeterminate term of imprisonment of five to fifteen years on the burglary conviction, and one to three years on each of the bail jumping and larceny convictions.

The judgment must be reversed because the allocution in which the Court accepted defendant's plea of guilty to the burglary charge did not adequately establish the element of unlawful entry into Ms. Austin's apartment. During the allo-

cution proceedings, defendant repeatedly testified that her entry into the apartment was permissive. Defendant testified as follows: "[S]he invited me in there," and "we met. We went to her house. She took me to her house."

To establish burglary in the second degree, it must be proved or admitted that the entry or remaining is unlawful *(People v Graves, supra)*. If the defendant has a license or privilege to enter the premises, the entry is not unlawful *(see, People v Quinones,* 173 AD2d 395).

In *People v Graves (supra),* the Court of Appeals held that harboring a secret intent to commit a crime within does not, standing alone, make an otherwise legal entry unlawful. Nor on this record can the disjunctive element of remaining unlawfully be satisfied by the allocution inasmuch as defendant's license to be present in the apartment was never revoked. While it is alleged that defendant obtained her entry and license to remain by deception and artifice, the allocution is insufficient to establish the necessary predicate of: "both a hidden intent to commit a crime as well as the additional deceit in obtaining the license to enter the premises, for example, a trick as to an individual's true identity" *(supra,* at 21). The allocution does not establish that defendant misrepresented her identity to gain entry, as charged in the indictment. Defendant only admitted to entering the apartment in connection with a "con game." Under these circumstances, the allocution is deficient and the judgment cannot stand.

It is clear that the allocution on the burglary is deficient.