OPINION OF THE COURT
Arthur J. Cooperman, J.
*869 Defendant was indicted for the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal trespass in the third degree.
He moved to suppress physical evidence claiming that the evidence was obtained in a constitutionally impermissible manner.
The People opposed the motion.
A hearing was held. Police Officer Matthew Murray and defense witness Robert Coella testified. The court credits the testimony of the police officer in all relevant and pertinent aspects, but finds portions of the testimony of witness Robert Coella unworthy of belief.
Findings of fact
On August 31, 1994, Police Officer Murray of the Queens South Task Force responded to a radio transmission requesting assistance in the arrest of members of a coalition group who were inside a fenced area of the DeFoe Construction site at the Whitestone Expressway and Boat Basin Road. This area was the property of the New York City Parks Department.
According to Officer Murray, a coalition is a local group which tries to extort work from construction companies by disrupting sites. Over the past few months, Officer Murray had responded to this construction site and others to assist with problems caused by coalitions.
When Officer Murray arrived at the location, he observed a school bus inside the fenced-in construction site and 15 to 18 people against the bus being detained by the 110th Precinct Anti-Crime Unit. At this point, Lieutenant Puma assigned Officer Murray to the arrest team and instructed him to arrest defendant. Officer Murray placed defendant under arrest for criminal trespass and upon a pat-down search discovered 41 jumbo vials of crack cocaine in his left front pocket.
Robert Coella, a superintendent for DeFoe Corporation, testified that on August 30, 1994, there had been threats made to him by the Queens Community Coalition Group and he was expecting trouble at the construction site the following day. Mr. Coella then telephoned Mr. Wright of the Link Coalition Group and requested help with the situation. He also called the police and requested their assistance with the Queens Community Coalition.
Mr. Coella stated that he had become familiar with Link when DeFoe Construction did work on the Kosciusko Bridge. *870 In New York, Link insinuates itself at construction sites to arrange for minorities from local coalitions to obtain jobs and thereafter assures that coalition groups do not interfere with work on the site.
On August 31, 1994, members of Queens Community Coalition came to the DeFoe Construction site and after a heated argument with Mr. Coella, physically abused him. Mr. Coella believed that during the assault some of his fellow workers had telephoned the police and Link requesting that they come to the location. When the police and Link members arrived, the Queens Community Coalition members had already fled. At this point, the members of Link were on the premises.
Mr. Coella told the police that the Link members were not the men who had caused him trouble. He also stated that he "believed” that defendant was a member of Link.
Defendant and other Link members on the construction site were arrested by the police.
Conclusions of law
An arrest for a crime is authorized whenever the officer has reasonable cause to believe that it was committed. The arrest of an individual on less than probable cause is prohibited (Dunaway v New York, 442 US 200). Probable cause requires not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed (CPL 70.10 [2]; People v McRay, 51 NY2d 594; People v Graham, 211 AD2d 55).
Under the "fellow officer” rule, an arresting officer acts with probable cause when (1) he acts on the basis of information supplied by another officer which itself or together with information known to the officer establishes probable cause; or (2) he arrests a defendant at the direction of another officer who has probable cause (People v Brnja, 50 NY2d 366).
A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders (Penal Law § 140.10). "A person 'enters or remains unlawfully’ in or upon premises when he is not licensed or privileged to do so” (Penal Law § 140.00 [5]). Of course, a person who gains admittance to premises through intimidation or by deception, trick or arti *871 fice, does not enter with license or privilege (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 140, at 9, quoting Denzer and McQuillan, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 140.00, at 341 [1967 ed]; see also, People v Thompson, 116 AD2d 377; People v Segal, 78 Misc 2d 944).
Additionally, whenever the lessee or occupant other than the owner of any premises uses or occupies the same for any illegal business, the lease or agreement for occupancy becomes void (Real Property Law § 231; 1165 Broadway Corp. v Dayana of N. Y. Sportswear, 166 Misc 2d 939; Hartsin Constr. Corp. v Millhauser, 136 Misc 646). Thus, any permission or authority given by an occupant to enter on the premises to conduct illegal activity is not a valid "license or privilege” under Penal Law § 140.00 (5).
Moreover, one who closes his eyes to reality and asserts an "honest belief’ or acts on advice of another to remain where one is not privileged to be is still responsible for trespass. A defense is stated only when one acts in good faith in an honest but mistaken belief that one’s continued occupation of the premises is not unlawful (People v Stevens, 109 NY 159; People v Alderson, 144 Misc 2d 133; People v Tuchinsky, 100 Misc 2d 521; see also, People v Fernandez, 197 AD2d 462).
Ultimately, it is for the fact finder to determine whether a defendant was privileged to enter and remain on the premises by means of a valid consent or by an unlawful act (People v Czerminski, 94 AD2d 957).
In this case, Officer Murray responded to a radio transmission requesting assistance at the DeFoe Construction site near Shea Stadium. Upon his arrival, he observed defendant on the private construction site among members from a local coalition group who were unlawfully present. The officer had previously been involved in similar arrests of coalition group members and was familiar with the activities of such groups. Specifically, he knew that they would try to extort work for their members by coming to construction sites and disrupting the work area. Officer Murray was instructed by Lieutenant Puma to be part of the team that would process the arrest of these men for criminal trespass.
Based upon all the facts known to Officer Murray, he had probable cause to arrest defendant for criminal trespass.
Moreover, the testimony of Robert Coella does not compel a different result. First, Mr. Coella was not able to affirmatively *872 state that defendant was not a member of the Queens Community Coalition. Rather, he could only state that he "believed” defendant was a member of the Link Coalition. In fact, Mr. Coella spoke to Mr. Wright of Link when he requested assistance from the local group.
In any event, whether defendant was a Link member is irrelevant to the propriety of the arrest. The record establishes that any alleged consent to enter the construction site given to members of Link was achieved by means of intimidation and coercion. Indeed, the Link Coalition assists construction companies by forcing them to accept a few minority workers from a local coalition in exchange for their protection from any future disruption. Thus, any permission or authority to enter a site is a result of fear of future reprisals and is not voluntary. Accordingly, there is no legitimate "license or privilege” as defined by Penal Law § 140.00 (5). To find otherwise would reduce the law to mobster mentality.
Additionally, if Link was engaging in illegal activity with the support and consent of Coella or DeFoe Construction Company, this rendered the lease with the New York City Parks Department void (Real Property Law § 231). Thus, by operation of law, defendant could not have been licensed to be on the premises based upon any "consent” given to him to enter fenced-in New York City property.
Furthermore, the question of whether defendant had a license or privilege is an issue for the fact finder at trial and not for the determination of probable cause.
Because there was probable cause, the vials recovered from defendant’s person were incident to a lawful arrest and, therefore, admissible.
Accordingly, defendant’s motion is denied.