THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE BOLDEN, Appellant. [784 NYS2d 776]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered September 17, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the first degree (Penal Law § 140.30 [4]). Contrary to the contention of defendant, he was not deprived of his constitutional right to represent himself. Defendant did not make an unequivocal request to proceed pro se (*see People v McIntyre*, 36 NY2d 10, 17 [1974]; *People v McClam*, 297 AD2d 514 [2002], *lv denied* 99 NY2d 537 [2002]; *cf. People v Spirles*, 275 AD2d 980, 981 [2000], *lv denied* 96 NY2d 807 [2001]). Neither did defendant establish good cause for substitution of counsel 11 days before trial (*see People v Sides*, 75 NY2d 822, 824 [1990]; *see also People v Sayavong*, 248 AD2d 1023, 1024 [1998], *lv denied* 92 NY2d 905 [1998]). We conclude that the evidence was legally sufficient to establish that defendant displayed what appeared to be a firearm during the course of the crime (*see* Penal Law § 140.30 [4]; *see also People v Lopez*, 73 NY2d 214, 220 [1989]).

We reject the contention of defendant that Supreme Court erred in sentencing him as a persistent violent felony offender. Defendant's specific contention is that convictions by plea of two counts of attempted burglary in the second degree in December 1989 could not count as violent felony convictions because the crimes were not committed at night. That contention is without merit. At the time, nighttime commission was not an element of burglary in the second degree (*see People v Fox*, 128 AD2d 722 [1987]) and attempted burglary in the second degree was explicitly denominated a class D violent felony (Penal Law former § 70.02 [1] [b], [c]). The present contention of defendant that he was not aware of the constitutional rights that he was waiving in negotiating his former plea convictions was waived by the failure to raise it during the persistent violent

felony offender hearing (*see* CPL 400.16 [2]; 400.15 [7] [b]; *see generally People v Neree*, 280 AD2d 497, 498 [2001], *lv denied* 98 NY2d 712 [2002]). We reject defendant's further contention that both the prosecutor and the court committed error in using the terms "manifest" and "manifested" in describing the element of display of a firearm (*see Lopez*, 73 NY2d at 222; *People v Moody*, 278 AD2d 862 [2000]; *see generally* CJI2d[NY] Penal Law § 140.30 [4]). Finally, because the record reflects "a reasonable and legitimate strategy under the circumstances and evidence presented," we conclude that defendant received meaningful representation (*People v Benevento*, 91 NY2d 708, 713 [1998]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.