■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BREVARD, Appellant. [51 NYS3d 514]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered November 27, 2012, as amended January 28, 2013, convicting defendant, after a nonjury trial, of assault in the second degree, attempted assault in the first degree, three counts of burglary in the first degree, two counts of attempted robbery in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 18 years, unanimously affirmed.

The court properly denied defendant's motion to suppress statements. Although defendant's right to counsel had attached on unrelated drug charges, he absconded after being released on bail, and was lawfully questioned on the present charges when he was returned on a bench warrant (see People v Lopez, 16 NY3d 375, 385-386, 385 n 6 [2011]; People v Garcia, 40 AD3d 541 [1st Dept 2007], lv denied 9 NY3d 961 [2007]; People v Clarke, 298 AD2d 259 [1st Dept 2002], lv denied 99 NY2d 613 [2003]). We see no reason to abandon our line of cases stating this principle, especially since these precedents are entirely consistent with the Court of Appeals' subsequent discussion of the issue in Lopez (see also People v Bing, 76 NY2d 331 [1990]).

We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting the unlawful entry element of burglary. Although the victim permitted defendant to enter the building where the crime occurred, the evidence established that the victim was not a resident, and was present for the purpose of selling marijuana in the lobby. Therefore, the victim was not authorized to grant anyone a license to enter (see Penal Law § 140.00 [5]), and was in any event not authorized to grant entry "to conduct illegal activity" (People v Williams, 174 Misc 2d 868, 871 [Sup Ct, Queens County 1997]). The evidence also supports a reasonable inference that defendant knew he was entering unlawfully. Furthermore, defendant's entry was unlawful for the separate reason that he entered by means of a ruse (see e.g. People v Mitchell, 254 AD2d 830 [4th Dept 1998], lv denied 92 NY2d 984 [1998] [posing as

utility worker]). The evidence supports the conclusion that defendant entered the building, not merely with the secret intent to rob the victim, but by misrepresenting himself to be part of the line of people waiting to buy marijuana.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.