People v McKelvey (2020 NY Slip Op 01011)





People v McKelvey


2020 NY Slip Op 01011


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11010 4848/13

[*1] The People of the State of New York, Respondent,
v
Arnold McKelvey, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered December 18 2014, as amended November 21, 2015, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the second and third degrees, and sentencing him, as a persistent violent felony offender to an aggregate term of 20 years to life, unanimously affirmed.
The verdict was supported by legally sufficient evidence. The victim's testimony about the pain and injuries she sustained when defendant put her in a chokehold, impeded her breathing, and violently ripped necklaces off her neck established the physical injury element (see People v Chiddick, 8 NY3d 445 [2007]), and the jury was entitled to credit that testimony notwithstanding the absence of any medical treatment (see People v Guidice, 83 NY2d 630, 636 [1994]). Defendant's entry into the victim's building was rendered unlawful, not by his unlawful intent, but by the fact that he only obtained the victim's permission to enter by affirmatively misrepresenting that his sole purpose in entering was to help the victim, who was using a walker; thus, "there exist[ed] both a hidden intent to commit a crime as well as the additional deceit in obtaining the license to enter the premises" (People v Graves, 76 NY2d 16, 21 [1990]; see also People v Brevard, 149 AD3d 546, 547 [1st Dept 2017], lv denied 30 NY3d 947 [2017]). The element of entry with intent to commit a crime was supported by the reasonable inference that when defendant followed the victim home from a bus stop and "helped" her through the door, he did so with the intent to rob her, rather than forming that intent after he had already entered.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK