People v Johnson (2025 NY Slip Op 01326)

People v Johnson

2025 NY Slip Op 01326

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Ind. No. 4070/17|Appeal No. 3858|Case No. 2019-1514|

[*1]The People of the State of New York, Respondent,
v
Yusef Johnson, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Sean Nuttall of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered December 3, 2018, convicting defendant, after a jury trial, of burglary in the first degree, burglary in the second degree, two counts of robbery in the second degree, attempted grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent prison terms of 15 years on the burglary in the first degree and robbery second degree counts, to run consecutively to concurrent five years on the burglary in the second degree count and one year terms on the grand larceny and possession of stolen property count, for an aggregate total of 20 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences on the burglary in the first degree and robbery in the second degree counts to 11 years, for an aggregate sentence of 16 years, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). Initially, there is no basis to disturb the jury's credibility determinations. As for the first-degree burglary count, the evidence supported the conclusion that defendant unlawfully gained access to the first victim's apartment building through deceptive means (see e.g., People v Brevard, 149 AD3d 546, 546 [1st Dept 2017], lv denied 30 NY3d 947 [2017]; People v Johnson, 190 AD2d 503, 503-504 [1st Dept 1993], affd 82 NY2d 683 [1993]). There was ample basis for the jury to conclude that defendant knowingly presented inaccurate photos online, of an obviously different person, and that the victim buzzed defendant into his building believing he would either be getting a massage or having a sexual encounter with the man depicted in the photos. The evidence also supported the inference that defendant intended to commit a crime when he entered the building under these deceptive circumstances (see People v Lamont, 25 NY3d 315, 319 [2015]; People v Thomas, 203 AD3d 634, 635 [1st Dept 2022], lv denied 38 NY3d 1136 [2022]; People v Green, 144 AD3d 589, 589 [1st Dept 2016], lv denied 28 NY3d 1184 [2017]). Upon arrival, defendant attempted to force his way into the victim's apartment when the victim refused to let him in. With his codefendant, defendant immediately attacked the victim, attempted to grab his possessions, and ultimately assisted his codefendant in fleeing with the victim's phone.
We also find that the evidence supported the jury's verdict on the second-degree robbery counts. There was significant evidence presented, including video footage of the incident, establishing that defendant and his codefendant attacked the first victim together. The evidence also established that defendant assisted his codefendant in grabbing the victim's phone during the attack (see Penal Law §§ 20.00, 160.10[1], 160.10[2][a]; see e.g. People v Black, 121 [*2]AD3d 544, 544 [1st Dept 2014], lv denied 24 NY3d 1118 [2015]). The jury had ample reason to reject defendant's claim that he only attacked the victim as a means of defending himself and that he did not know that his codefendant took the phone.
As for the burglary in the second-degree conviction concerning the second victim, the evidence supported the jury's conclusion that defendant remained unlawfully in the victim's hotel room even after he was asked to leave, and that he remained there with the intent to commit a crime (see Penal Law § 140.25[2]). The jury had ample reason to conclude that defendant took the victim's passports and other documents in order to unlawfully demand money from him. It also had ample reason to reject defendant's illogical testimony that he took these documents as a means of proving that he was not a robber, in case the victim reported him to police.
Defendant's challenges to the prosecutor's comments in their opening statement and in summation are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to consider them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 91 NY2d 884 [1993]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025