■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. BUYCE, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Severson, J.), rendered March 9, 1983, convicting defendant upon his plea of guilty of the crime of burglary in the second degree. Defendant, who has previously been convicted of a felony, admittedly burglarized a private home in midday, gaining entry by breaking a window in the back door and unlocking it. The thrust of his appeal is that the September 1, 1981 amendment (L 1981, ch 361) to subdivision 2 of section 140.25 of the Penal Law, classifying a daytime burglary of a dwelling as punishable as a class C violent felony, is unconstitutional as violative of both due process and the Eighth Amendment proscription against cruel and unusual punishment. We note at the outset that a plea of guilty, irrespective of reservation of the issue for appellate review, does not forfeit defendant's right on appeal to challenge the constitutionality of the statute under which he was convicted (*People v Lee,* 58 NY2d 491, 494). Substantively, we find defendant's contentions meritless. Due process requires only a fair, just and reasonable connection between the law and the promotion of the health, comfort, safety and welfare of society (*Montgomery v Daniels,* 38 NY2d 41, 54). Furthermore, every legislative enactment is deemed to be constitutional until its challengers have satisfied the court to the contrary (*supra*). Here, defendant has not done so. Absent a showing that, when it amended subdivision 2 of section 140.25 of the Penal Law, the Legislature was not acting in pursuit of permissible State objectives and that the means adopted by it were not reasonably related to the accomplishment of those objectives (*supra*), courts should not substitute their judgment for that of the Legislature. *People v Lewis* (113 Misc 2d 1091), relied upon by defendant, does not persuade us to conclude otherwise. Nor does reclassifying the crime of burglarizing a dwelling during the day from a class D felony to a class C felony, with the concomitant increase in penalty, constitute cruel and unusual punishment. When compared with sentences imposed for other crimes within this State and punishments imposed for the same or similar crimes in other jurisdictions, it is not grossly disproportionate (*People v Broadie,* 37 NY2d 100, 115). Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.