■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN JOHNSON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Trial Term (Crew, III, J.), rendered November 2, 1984 in Chemung County, upon a verdict convicting defendant of the crime of attempted burglary in the second degree.

Defendant's conviction rests on the trial testimony of three witnesses. Jacquelyn French, defendant's next-door neighbor, testified that between 9:00 P.M. and 9:30 P.M. on April 26, 1984, she passed defendant's house as she drove away from her home with a companion, Renee Parker. They returned shortly afterward, for their purpose had been merely to leave French's car around the corner at a friend's house, and were visiting in French's living room when they heard the back door rattle; both investigated and, for between 15 and 45 seconds, they observed as defendant tried to open the latched door. Upon discovering that French and Parker were watching him, defendant fled. Parker testified to the same effect. Both women identified defendant positively. The arresting police officer stated that on advising defendant that he had a warrant for his arrest, the latter blurted out, "I saw Jacqueline *[sic]* French leave in her car earlier tonight and I didn't know she came home." After defendant received his *Miranda* warnings and was asked by the officer if he wanted an attorney, defendant was quoted at trial as saying, "No. There ain't no way I'm going to get out of it."

An alibi defense was relied upon by defendant. He testified that he did see French drive by his home, but stated that he then went inside where he remained. Defendant's sister verified his alibi. Following his jury conviction of attempted burglary in the second degree, defendant, a predicate felon,

maintains on appeal that the evidence was insufficient to prove that he intended to commit a crime in the French dwelling, the identification testimony was inadequate, and the sentence, 2 to 6 years' imprisonment, was overly severe. We affirm.

With respect to defendant's contention that the People failed to prove that he acted with the requisite intent "to commit a crime" in a dwelling *(see,* Penal Law § 140.25), it is well settled that in deciding whether the People have met their burden, "we are required to say whether, considering the facts proved and the inferences that could reasonably be drawn therefrom, a jury could conclude that there was no reasonable doubt that the defendant, if found to be the culprit, intended to burglarize the apartment *(see, People v Bracey,* 41 NY2d 296; LaFave & Scott, Criminal Law, § 59, p 429, n 80)" *(People v Castillo,* 47 NY2d 270, 277). Here, the testimony of French and Parker establishes defendant's unlawful attempt to enter the home and his flight when taken unawares. Moreover, before this incident occurred, defendant had been bluntly told by French not to come on her property. Add to this evidence the incriminating nature of defendant's voluntary unsuppressed statements to the police and there is no other inference to be drawn other than that defendant acted with a guilty purpose. Even ignoring defendant's denial that it was he at French's back door, any reasonable explanation consistent with innocence is belied by his flight and later statements; clearly, criminal intent is inferable from this record *(see, People v Ivory,* 99 AD2d 154).

There is no reason to discuss at length the sufficiency of the identification testimony, as French had known defendant for approximately six years, and at the time of the crime had eyed him for approximately 30 seconds from a distance of only 5 or 6 feet. Parker also had been acquainted with defendant for several years and had observed him under the same circumstances as French. Assuming, as we must because the People prevailed at trial, that the jury credited the testimony of these witnesses *(see, People v Kennedy,* 47 NY2d 196, 203), there is no cause for doubting the accuracy of the identification. Finally, defendant's long criminal history and failure to display any inclination to be rehabilitated—this crime occurred within one month after being paroled—convinces us that the sentence should not be disturbed.

Judgment affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.