■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered December 23, 1981, convicting him of burglary in the third degree, petit larceny, criminal possession of stolen property in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On April 12, 1981, at approximately 2:40 P.M., Police Officers Scaturo and Oveis of the anticrime unit were responding to a radio transmission of a burglary in progress at 153½ Boerum Street when they observed the defendant and codefendant Ralph Lopez approximately one-half block from that location. The defendant and his codefendant were on a block

on which there were many stores, including television and appliance stores. The defendant and codefendant were walking very fast and looking around "to the left of them, to the right of them, to the back of them and they were talking back and forth and just looking all the way around". The codefendant was carrying a television set. In response to a question by Officer Scaturo, the codefendant stated that he found the television in a garbage can. The police then put the defendant and the codefendant in a police car. Officer Scaturo conceded at the hearing the the defendant and his codefendant were not free to leave. Two lock picks, a plastic celluloid strip and a woman's yellow watch were recovered from the defendant, and the television set and a screwdriver were recovered from the codefendant.

The hearing court denied suppression of the physical evidence seized from the defendant and his codefendant. We reverse.

An arrest and search incident to an arrest of a suspect are unlawful without probable cause *(see, People v Hicks,* 68 NY2d 234). Probable cause necessary to support an arrest depends upon whether it appears more probable than not that a crime has taken place and that the person arrested is its perpetrator, for conduct equally compatible with guilt or innocence will not be enough *(see, People v Carrasquillo,* 54 NY2d 248, 254). The People do not contest on appeal that the defendant and his codefendant were under arrest once they were placed in the police car. However, probable cause to arrest the defendant and his codefendant was absent. The defendant and the codefendant were observed walking together while the codefendant was carrying a television in midafternoon on a commercial block that had television and appliance stores on it, a circumstance devoid of suspicious character. Although Officer Scaturo testified that the defendant and his codefendant were walking quickly and looking all around, this evidence of furtive movements was "at best ambiguous" *(see, People v Howard,* 50 NY2d 583, 590, *cert denied* 449 US 1023).

There was no evidence that the police had been furnished with any description whatsoever of the perpetrator or perpetrators of the burglary, or that the police had any knowledge of the property taken in the burglary. Moreover, there was no evidence that the television carried by the codefendant was of such a nature as to render the codefendant's answer that he had found the television in the garbage to be implausible.

In sum, the arrest amounted to an unconstitutional intru-

sion, the ensuing search was illegal, and the fruits thereof should have been suppressed *(see, People v Cantor,* 36 NY2d 106).

In view of our disposition of that branch of the defendant's omnibus motion which was to suppress physical evidence, and in the absence at the trial of any other evidence to link the defendant to this crime, the indictment against the defendant is dismissed. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.