■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAY THOMPSON, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated October 9, 1986, as granted, following a hearing, that branch of the defendant's omnibus motion which was to suppress the contents of a wallet.

Ordered that the order is affirmed insofar as appealed from.

On February 28, 1986, at 5:00 A.M., Police Officer Sanchez and his partner were conducting a routine patrol when they observed the defendant peering into what appeared to be a "lady's pocketbook" as he walked. In response to a question by Officer Sanchez, the defendant stated that he had found the pocketbook. When directed to give the police officer the pock-

etbook, the defendant handed it through the window of the patrol car, while simultaneously withdrawing some currency. Sanchez announced that the defendant could not keep the money, and, without giving him a chance to respond, exited from the patrol car and searched him. The search revealed a wallet containing several credit cards in a woman's name. The hearing court properly granted suppression of this evidence.

The arrest of an individual and any search made incident to the arrest are unlawful unless supported by probable cause *(see, People v Hicks,* 68 NY2d 234). While probable cause does not require as much proof as is necessary to sustain a conviction, it does require more than mere suspicion *(People v Wharton,* 60 AD2d 291, 292, *affd* 46 NY2d 924, *cert denied* 444 US 880). Conduct which is equally susceptible to innocent or culpable interpretation cannot give rise to probable cause *(People v Carrasquillo,* 54 NY2d 248, 254; *People v De Bour,* 40 NY2d 210). The People contend that the police officers reasonably believed that the defendant had committed a larceny in their presence. However, the defendant's conduct was not indicative of criminal activity but was merely innocuous. The defendant simply stood before two armed police officers, with the currency held out in his hand. He did not put it in his pocket, turn his back, reach for a weapon, or run away *(see, People v Brown,* 32 NY2d 172). To seize, search and arrest an individual, in the absence of any knowledge that he intended to commit a crime and "without affording him [the] opportunity to explain his conduct, is to deprive him of his constitutional right against unreasonable [search and] seizure" *(People v Wharton, supra,* at 295).

Because the instant arrest was an unconstitutional intrusion, the ensuing search was illegal, and the fruits thereof were properly suppressed *(People v Cantor,* 36 NY2d 106; *People v Colon,* 127 AD2d 604). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.