■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR COLEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 4, 1983, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to raise his objections to the adequacy

of his plea allocution in the court of first instance and accordingly has not preserved his claim for appellate review *(see, People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636).* In any event, we find that the allocution established that the defendant knowingly and intelligently pleaded guilty to burglary in the second degree *(see, People v Harris,* 61 NY2d 9).* Moreover, a plea of guilty will be sustained in the absence of a factual recitation, in the defendant's own words, of the underlying circumstances of the crime if "[t]here is no suggestion in the record or dehors the record that the guilty plea was improvident or baseless" *(People v Fooks,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067), particularly where, as here, the defendant was actively represented by counsel and made no effort to withdraw the plea *(see, People v Perkins,* 89 AD2d 956; *People v Nance,* 110 AD2d 857).* We also reject the defendant's contention that so much of the indictment as charges him with burglary in the second degree should have been dismissed on the ground that the 1981 amendment to Penal Law § 140.25 (2), which abrogated the distinction between burglaries of dwellings committed during the day and those committed at night, and classified both as class C violent felonies (L 1981, ch 361), was violative of due process of law or the Eighth Amendment prohibition against cruel and unusual punishment *(see, People v Kepple,* 98 AD2d 783; *People v Buyce,* 97 AD2d 632).

We have reviewed the defendant's other contentions and find them to be without merit. Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur.