(November 29, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HALL, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 22, 1987, upon a verdict convicting defendant of the crimes of burglary in the third degree, criminal possession of stolen property in the fifth degree and petit larceny.

In the early morning hours of November 4, 1986, Police Officer Frederick Mausert received a radio call dispatching him to investigate some unusual noises emanating from the vicinity of Otis' Bar in the City of Albany. Walking around to the back of the building Mausert noticed that the grating had been pried open from a back window. The window was open and a light was on inside. Looking inside to what appeared to be an office, Mausert saw a man rifling through the drawers of

a desk in the room. When Mausert asked the man what he was doing, the individual left the room without answering. Mausert then went around to the front of the bar and learned from fellow officers that no one had left the bar. Mausert entered the bar with another officer and confronted the individual, later identified as defendant, whom Mausert had seen rifling through the desk. Upon being asked what he had been doing in the back, defendant denied being in the back room. A barmaid told Mausert that defendant had not previously been in the bar that evening and she also stated that the back room was normally locked from inside the bar. At that point Mausert arrested defendant for burglary and searched him. A quantity of money was retrieved from defendant's front pants pocket which closely matched the amount found to be missing from the back office of the bar.

As a result of this incident defendant was indicted and charged with burglary in the third degree, petit larceny and criminal possession of stolen property in the fifth degree. Following a jury trial, defendant was found guilty on all three counts and sentenced as a second felony offender to concurrent prison sentences of 3½ to 7 years on the burglary count and definite terms of one year on the misdemeanor counts. This appeal followed.

Defendant principally contends that County Court erred in denying his pretrial motion to suppress the physical evidence seized from his person following his arrest. Following a *Mapp* hearing, County Court concluded that the warrantless search of defendant's person and the resulting seizure of United States currency was a proper search incidental to a lawful arrest. Defendant contends, however, that the police lacked probable cause to arrest him and, therefore, no search was justified. We disagree.

Probable cause sufficient to support an arrest depends upon whether it appears more probable than not that a crime has taken place and that the person arrested is its perpetrator; conduct equally compatible with guilt or innocence will not suffice *(see, People v Hoffman,* 135 AD2d 299, 302; *People v Colon,* 127 AD2d 604, 605). "Before the police may stop a person * * * there must exist at that moment a founded suspicion that criminal activity is present" *(People v De Bour,* 40 NY2d 210, 215). Mausert clearly had sufficient probable cause to arrest defendant based upon defendant's suspicious behavior. Faced with evidence of a break-in and an open window in the back of the bar, Mausert asked defendant, who was going through desk drawers, what he was doing. Instead

of responding, defendant left the room and denied being in the office when later confronted by Mausert. This information, combined with the barmaid's information that defendant was a customer who had not previously been in the bar that evening, provided sufficient reason for Mausert to believe that defendant had broken into the back office with the intent to commit a crime. Defendant incorrectly asserts that it was improper to arrest him without first ascertaining whether anything was missing from the back office. Generally stated, burglary is criminal trespass with intent to commit a crime therein (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 140, at 13). Only a general intent to commit a crime is necessary to constitute burglary; it is not necessary that the intended crime actually be committed (ibid.; see, Penal Law § 140.20).

Defendant's remaining contentions have been examined and been found to be without merit. Our review of the record convinces us that there was no prosecutorial misconduct sufficient to warrant reversal (see, People v Harper, 165 AD2d 897). Moreover, since defendant made no objection and took no exception to the jury charge as given, he waived its review as a question of law on this appeal (see, People v Davis, 147 AD2d 817, lv denied 74 NY2d 807) and we see no basis for reversing in the interest of justice.

Judgment affirmed. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.