■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered October 13, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement he made to the police and certain physical evidence.

Ordered that the judgment is affirmed.

Much weight must be accorded the determination of the suppression court with its particular advantages of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Norris,* 122 AD2d 82, 83). That determination should not be disturbed where it is supported by the record *(see, People v Norris, supra; People v Gee,* 104 AD2d 561). Here, the court credited the officer's testimony that he responded to a radio transmission about a family dispute, and observed, stopped and inquired of the defendant who, when asked, responded that he had had a fight with his girlfriend. When the girlfriend arrived, she told the officer that she had called 911 and that she wanted the defendant arrested for

assaulting her. Thereafter, the officer arrested the defendant and conducted a search incident to that arrest, recovering the physical evidence the defendant now claims should have been suppressed.

Contrary to the defendant's assertion that the action or, rather, inaction of the arresting officer in the face of the possibility that the defendant was armed, shows that his testimony was patently tailored to meet constitutional objections, the officer's behavior is easily explainable under the circumstances herein. Upon initially encountering the defendant, the officer was not sure who he was or if a seizure would be reasonable. Because innocuous behavior is not enough to generate a founded or reasonable suspicion that a crime was being committed, it would be a violation of constitutional rights to seize, search and arrest an individual in the absence of any specific knowledge that the individual committed or intended to commit a crime, without affording that individual an opportunity to explain his or her conduct *(see, People v Carrasquillo,* 54 NY2d 248, 254; *People v De Bour,* 40 NY2d 210; *People v Thompson,* 132 AD2d 719). Thus, the officer here did not act unreasonably in choosing not to arrest the defendant until his girlfriend approached and confirmed that he had assaulted her.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.