THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCKY MITCHELL, Appellant. [679 NYS2d 761] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of burglary in the second degree (Penal Law § 140.25 [2]) and criminal im-

personation in the second degree (Penal Law § 190.25 [2]). There is no merit to the contention of defendant that his conviction of burglary in the second degree is not supported by legally sufficient evidence of an unlawful entry or his intent to commit a crime therein. The unlawful entry was established by proof that defendant gained entry to the victim's home by means of deception, trickery or misrepresentation (*see, People v Johnson,* 190 AD2d 503, 504, *affd* 82 NY2d 683; *People v Thompson,* 116 AD2d 377, 380-381; *see generally, People v Graves,* 76 NY2d 16, 20-21). Defendant's intent to commit a crime may be inferred from the circumstances of the entry, from defendant's unexplained or unauthorized presence on the premises and from defendant's actions and assertions when confronted by the police or the owner (*see, People v Gates,* 170 AD2d 971, 971-972, *lv denied* 78 NY2d 922; *see generally, People v Mackey,* 49 NY2d 274, 280).

There is no merit to the contention of defendant that his conviction of criminal impersonation in the second degree is not supported by legally sufficient evidence that he pretended to be a representative of an organization or that he acted in that capacity with the intent to obtain a benefit or to injure or defraud the victim. Contrary to defendant's assertion, the proof establishes that defendant gained entry to the victim's home by posing as a utility company repairman. The cases upon which defendant relies involve convictions under subdivision (1) of Penal Law § 190.25 and thus are not applicable.

Defendant has failed to preserve for our review his contention that County Court erred by not advising counsel before summation of the offenses it would consider in rendering a verdict (*see, People v Owens,* 231 AD2d 901, *lv denied* 89 NY2d 945). In any event, the court's failure to comply with CPL 320.20 (5) is harmless error inasmuch as defendant was convicted of offenses charged in the indictment, not lesser included offenses (*see, People v Satcher,* 144 AD2d 992, *lv denied* 73 NY2d 896; *see also, People v Harvey,* 249 AD2d 951). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.