■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY A. FERGUSON, Appellant. [727 NYS2d 790] —Crew III, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Nicandra, J.), rendered December 6, 1999, convicting defendant following a nonjury trial of the crime of burglary in the second degree.

On July 24, 1998, Stacy Benson, a member of the Delta Zeta sorority, arrived at the sorority house at Clarkson University in the Village of Potsdam, St. Lawrence County, and observed defendant's van parked in the driveway. As defendant exited

the sorority house by way of the back door, he told Benson that he had stopped at the house because the doors were open and he wanted to be sure "everything was okay." As defendant left in his van, Benson wrote down the license plate number.

Investigation of the interior of the sorority house revealed that a number of interior doors had been opened and personal items were scattered about. Additionally, a clear plastic tub, filled with personal items including a vacuum cleaner, an answering machine and an electric power strip, was found on the landing near the rear door that defendant exited. Consequently, defendant was indicted and charged with burglary in the second degree. Following a nonjury trial, defendant was convicted as charged and sentenced to an indeterminate term of imprisonment of $2^{1}/_{4}$ to $4^{1}/_{2}$ years. Defendant now appeals.

Defendant contends, *inter alia*, that the trial evidence was legally insufficient to support his conviction inasmuch as the People failed to establish that the sorority house was a "dwelling" and, further, that he intended to commit a crime therein. We disagree. A dwelling is defined as "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). Moreover, "a dwelling does not lose its character as such merely because its occupant is temporarily absent" (*People v Quattlebaum*, 91 NY2d 744, 748). In *People v Sheirod* (124 AD2d 14, *lv denied* 70 NY2d 656), the owners of the burglarized house had moved to Colorado for a one-year work assignment but intended to return to the residence thereafter. In determining that the vacant house was a dwelling, the Fourth Department observed that "[i]f there [is] an intent to return, the length of absence is generally considered irrelevant" (*id.*, at 17). The record here reveals that the sorority house was not inhabited by its members at the time of the burglary by reason of the college summer break. However, the record also reveals that the sorority members intended to return for the fall semester and take up residence. Accordingly, the sorority house was a dwelling as contemplated by the Penal Law.

With regard to defendant's second contention, suffice it to note that where a defendant is discovered inside a building without permission, his intent to commit a crime therein may be inferred from the circumstances of the case (*see, e.g., People v Mitchell*, 254 AD2d 830, 831, *lv denied* 92 NY2d 984). Here, the record reveals that various interior doors in the sorority house were discovered opened, which were closed prior to defendant's entry, and personal items, which had been neatly packaged in boxes, were scattered about. Furthermore, a

plastic container filled with personal items was found on a landing near the back door. Clearly, from that evidence County Court could reasonably infer that defendant intended to commit larceny in the building but was thwarted by the unexpected appearance of Benson. We have considered defendant's remaining arguments and find them equally without merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.