■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT RICHARDS, Appellant. [734 NYS2d 746] —Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 8, 2000, upon a verdict convicting defendant of the crimes of burglary in the first degree, assault

in the third degree, menacing in the third degree and endangering the welfare of a child.

Defendant's primary argument is that his conviction for burglary in the first degree is not supported by legally sufficient evidence and is against the weight of the credible evidence. Reviewing the evidence for legal sufficiency in the light most favorable to the People (*see, People v Williams*, 84 NY2d 925) reveals that on May 1, 1999, defendant, by prior arrangement, came to the residence of Stacey Morris for the purpose of taking their daughter to celebrate her second birthday. While there, for the first time, he discovered the presence of Morris' new boyfriend, Reuben Morton. Within moments of leaving, he returned their daughter, telling Morris that he would not take the child so that Morris could be free to have fun with her boyfriend. Within moments, Morris discovered that her cell phone was missing. As a result of her call to defendant's residence, defendant's roommate returned the telephone.

Commencing at 2:00 P.M., defendant telephoned Morris a number of times, called her names and told her to get her boyfriend out of her house. To end this behavior, Morris unplugged her telephone. Morris testified that at approximately 6:55 P.M., she heard loud banging on her front door and, as she went to investigate, she heard a loud crash and observed defendant entering through a front window. Upon seeing Morris, defendant immediately chased her into the kitchen and, as she dialed 911, he put his hands around her throat, scratching her in the process. Although it was not then known to Morris, this call was recorded by the police. Morton came to Morris' assistance and, while he and defendant fought, Morris took her daughter next door and again called the police. While fighting with defendant, Morton received a bite wound to his thigh and injured his toe. At trial defendant testified in his defense that the telephone calls were for the purpose of arranging visitation that evening with his daughter and that he entered through an open front door and was attacked by Morris and Morton.

Defendant's insufficient evidence claim centers on the element of burglary in the first degree which requires that one enter or remain unlawfully in a dwelling with intent to commit a crime therein. Defendant's argument that there is insufficient evidence of intent to commit a crime is without merit. Not only is it unnecessary for the People to establish " 'what particular crime the intruder intended to commit' " (*People v Mackey*, 49 NY2d 274, 279, quoting Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 140.20, at 37) or that the intended crime was in fact commit-

ted (*see, People v Mackey, supra,* at 279; *People v Hall,* 167 AD2d 758, 760, *lv denied* 79 NY2d 857), but intent can also "be inferred from the circumstances of the case" (*People v Ferguson,* 285 AD2d 838, 839). On this record, there is sufficient evidence that defendant entered with intent to assault the occupants. Consequently, we conclude that every element of burglary in the first degree was proven beyond a reasonable doubt.

Defendant's claim that the burglary conviction is against the weight of the credible evidence is premised on his perception that Morris lacked credibility and that it was solely her testimony that he entered through the window. Here, our task is to view the evidence in a neutral light and, if a different finding would not have been unreasonable, we must then " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley,* 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62). Only if the jury failed to accord the evidence its proper weight should the verdict be set aside (*see,* CPL 470.20 [2]; *People v Bleakley, supra,* at 495). On cross-examination, although Morris denied that she suffered from a medical condition, defendant testified on direct examination that Morris is HIV positive. Defendant therefore concludes that Morris lied about a material fact which rendered all of her testimony incredible, resulting in no evidence of burglary.

Assuming, arguendo, that this testimony concerned a material fact, defendant's argument overlooks the balance of the charge correctly given the jury, that it was free to accept such portions of such a witness's testimony as it believed credible and ignore the balance. The function of the jury is to examine the evidence and the testimony presented to determine what it will accept and credit and what it will reject (*see, People v Rose [Cousins],* 215 AD2d 875, 876, *lvs denied* 86 NY2d 793, 801). " '[A]ccording due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" ' " (*People v Moore,* 285 AD2d 827, 829, quoting *People v Kraft,* 278 AD2d 591, 592, *lv denied* 96 NY2d 864, quoting *People v Bleakley, supra,* at 495), we conclude that, on this record, the jury gave the evidence its proper weight.

Turning to defendant's secondary arguments, we first observe that his claim of insufficiency with respect to County Court's charge on circumstantial evidence was not preserved for our review by an appropriate objection to the charge. Were we to consider it, we would determine it to be meritless. The argu-

ment is based on defendant's belief that his burglary conviction rested on circumstantial evidence only. Morris' testimony of what she observed is direct evidence. Where there is both direct evidence and circumstantial evidence, the circumstantial evidence charge need not be given (*see, People v Walker*, 274 AD2d 600, *lv denied* 95 NY2d 908; *People v David*, 234 AD2d 787, *lv denied* 89 NY2d 1034; *People v Struss*, 228 AD2d 711, *lv denied* 89 NY2d 867).

Finally, no basis exists upon which to modify the sentence. Upon his conviction of burglary in the first degree, assault in the third degree, menacing in the third degree and endangering the welfare of a child, defendant received, for the burglary conviction, a prison term of nine years, with lesser concurrent sentences on the remaining convictions. It is well within the sentencing guidelines and there is no indication or claim that County Court abused its discretion in fixing punishment (*see, People v Mayerhofer*, 283 AD2d 672; *People v Bombard*, 270 AD2d 648).

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.