■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR B. PORTER, Appellant. [826 NYS2d 465]—

Cardona, P.J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered December 3, 2004, convicting defendant following a nonjury trial of the crimes of

burglary in the second degree and criminal possession of stolen property in the fifth degree.

Late in the evening on March 29, 2004, Andrew Glasgo arrived at his apartment from work. Shortly thereafter, he left his door unlocked while he went to visit his girlfriend in her upstairs apartment. While there, he heard the front door of the building close and someone knocking at the door of another apartment. Notably, only three apartments, including Glasgo's, are accessible through the front door. Upon returning to his apartment approximately half an hour later, he smelled alcohol and noticed that his video game system was missing and some of his belongings had been moved. He went back to his girlfriend's apartment briefly, then again returned to his own. This time, he found his laptop computer, his roommate's camera, and other items in a pillowcase. In checking the premises for an intruder, he deduced that someone was hiding behind the shower curtain in the bathtub and he telephoned the police. When officers arrived minutes later, they found defendant, who was unknown to Glasgo, standing fully clothed in the bathtub. He immediately blurted, "I didn't do nothing." Noting that defendant appeared to be slightly intoxicated, Officer Scott Hoffman asked him, "Are you drunk?" Defendant answered, "No." Hoffman then asked, "Have you been drinking?" Defendant again replied, "No." Defendant then exited the bathtub under his own power. Police searched his person and recovered personal property belonging to Glasgo, his girlfriend and his roommate.

Defendant was arrested and charged with burglary in the second degree and criminal possession of stolen property in the fifth degree. County Court denied his motion to suppress the statements above and, following a bench trial, he was convicted as charged and sentenced to concurrent prison terms of $3^{1}/_{2}$ years, followed by $2^{1}/_{2}$ years of postrelease supervision.

Defendant first contends that the statements above should have been suppressed as the product of custodial interrogation without the benefit of *Miranda* warnings. We disagree. Hoffman's testimony at the suppression hearing supports the conclusion that defendant's initial outburst was voluntary and spontaneous, and therefore admissible (*see People v Torres*, 21 NY2d 49, 54 [1967]; *People v Smith*, 21 AD3d 587, 588 [2005], *lv denied* 5 NY3d 833 [2005]). Defendant's responses to Hoffman's questions were also admissible as those questions were designed not to elicit incriminating statements, but rather "to clarify the nature of the situation confronted" in the context of an ongoing crime (*People v Huffman*, 41 NY2d 29, 34 [1976]; *see People v Burnett*, 228 AD2d 788, 790-791 [1996]).

Defendant next argues that his conviction for burglary in the second degree should be reduced to criminal trespass in the second degree because the weight of the evidence does not support a finding that defendant entered Glasgo's apartment with the intent to commit a crime inside, but rather that he formed that intent only *after* entering the apartment. Having " 'weigh[ed] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn' " therefrom (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Brown*, 24 AD3d 812, 813 [2005], *lv denied* 6 NY3d 774 [2006]), we are unpersuaded by defendant's contention and hold that the verdict is supported by the weight of the evidence.

As relevant herein, a person is guilty of burglary in the second degree when he or she knowingly enters a dwelling with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]). In this context, "intent is subjective, and must be established by proof of defendant's conduct and other facts and circumstances" (*People v Mackey*, 49 NY2d 274, 279 [1980]; *see People v Moore*, 285 AD2d 827, 828 [2001], *lv denied* 98 NY2d 678 [2002]). Intent may be inferred from a defendant's unexplained presence in a building (*see People v Armstrong*, 11 AD3d 721, 723 [2004], *lv denied* 4 NY3d 760 [2005]; *People v Moore, supra* at 828), and from other "hard evidence of overt behavior carried forward within a dangerous proximity to the criminal end to be attained" (*People v Castillo*, 47 NY2d 270, 278 [1979]).

Here, the credible testimony taken together with the presence of items belonging to Glasgo and others on defendant's person and stashed in a pillowcase supports the reasonable inference that defendant knocked on Glasgo's door and, when no one answered, he entered with the intent to commit larceny. Although defendant testified that he drank liquor and smoked marihuana earlier that evening, under all the circumstances his alleged intoxication does not negate intent (*see People v Singh*, 16 AD3d 974, 976 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Thomson*, 13 AD3d 805, 807 [2004], *lv denied* 4 NY3d 836 [2005]; *see also People v Dorst*, 194 AD2d 622 [1993], *lv denied* 82 NY2d 924 [1994]).

Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.