■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JOHNSON, Appellant. [832 NYS2d 312]—

Spain, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered May 7, 2003 in Albany County, upon a verdict convicting defendant of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered December 5, 2003 in Albany County, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment and set aside the sentence, without a hearing.

Following a jury trial, defendant was convicted of burglary in the second degree stemming from his unlawful daytime entry into an apartment in the City of Albany in September 1998. The victim testified that she was home alone and, upon hearing noises, she came out of her bedroom and found defendant and another intruder in her living room holding large garbage bags.

They were hunched over her television disconnecting the electronic components, which were now in disarray. She replied in the negative when they asked if she had any empty cans, and they complied when she ordered them to leave. Shortly thereafter, defendant and another man were apprehended a few blocks away in a parking lot and the victim identified defendant as one of the intruders. Sentenced as a second felony offender to a prison term of 10½ years with five years of postrelease supervision, defendant appeals from the judgment of conviction. He also appeals, with permission, from the denial of his CPL article 440 motion to vacate the judgment and set aside the sentence.

There is no merit to defendant's contention that the evidence was legally insufficient to establish that he knowingly and unlawfully entered this dwelling "with intent to commit a crime therein" (Penal Law § 140.25 [2]). Viewing the evidence most favorably to the People, the People established defendant's general intent to commit a crime through the victim's account of defendant's culpable conduct inside the apartment and, moreover, defendant's unauthorized presence supports the inference of his subjective intent to commit a crime therein (see People v Armstrong, 11 AD3d 721, 723 [2004], lv denied 4 NY3d 760 [2005]; People v Ferguson, 285 AD2d 838, 839 [2001], lv denied 97 NY2d 641 [2001]; see also People v Lewis, 5 NY3d 546, 552 [2005]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Porter, 35 AD3d 907, 909 [2006]). The People were not required to prove what particular crime was intended as they never expressly limited their case (see People v Lewis, supra at 552, 552 n 7).

Defendant's challenge to the verdict as contrary to the weight of the evidence focuses on the fact that he did not run when the victim (or, later, the police) encountered him, and upon his testimony that he announced his presence before entering and that he only intended to ask for cans and bottles to return for deposits to support himself as a homeless person. It was the jury's function to resolve issues of credibility, and the jury reasonably rejected defendant's implausible account, a determination to which we accord deference (see People v Griffin, 26 AD3d 594, 596 [2006], lv denied 7 NY3d 756 [2006]). Notably, defendant admitted that he took cans off the porch without permission, never rang the doorbell before entering the apartment, and had no permission to enter. Thus, we find that the verdict was amply supported by the weight of the credible evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Bleakley, supra at 495; People v Porter, supra; People v Armstrong, supra at 723).

Next, defendant challenges Supreme Court's imposition of a sentence for burglary in the second degree as a violent felony offense, which it is (*see* Penal Law § 70.02 [1] [b]). In effect, defendant challenges as unconstitutional or illegal the legislative classification of burglary in the second degree as a violent felony because no violence was used or proven in this case, arguing that he was denied due process because he was not allowed to contest this classification. However, it is the Legislature's function to classify crimes and to "distinguish among the ills of society which require a criminal sanction, and prescribe, as it reasonably views them, punishments appropriate to each" (*People v Broadie*, 37 NY2d 100, 110 [1975]). Since the 1981 amendments to Penal Law § 140.25 (2) (L 1981, ch 361), the Legislature determined "to classify all burglaries of dwellings as class C or higher violent felonies . . . apparently based upon its assessment that the potential for violence was the same irrespective of the time of their commission," abrogating the distinction between those committed at night and those committed during the day (*People v Kepple*, 98 AD2d 783, 783 [1983]; *see People v Coleman*, 135 AD2d 646, 647 [1987]).

Defendant's first hurdle is that legislative enactments are presumed to be constitutional (*see Catholic Charities of Diocese of Albany v Serio*, 28 AD3d 115, 120 [2006], *affd* 7 NY3d 510 [2006]; *see also Dalton v Pataki*, 11 AD3d 62, 89 [2004], *mod* 5 NY3d 243 [2005]). Secondly, "[d]ue process requires only a fair, just and reasonable connection between the law and the promotion of the health, comfort, safety and welfare of society" (*People v Buyce*, 97 AD2d 632, 632 [1983]). Since there is a rational basis for this classification, namely, the potential for violence in all home invasions, "[j]udicial review ends" (*People v Kepple, supra* at 784; *see People v Buyce, supra* at 632; *see also People v Broadie, supra* at 117-119). Defendant has neither overcome the presumption of constitutionality attaching to this legislative classification nor established any due process deprivation resulting from it.

To the extent that defendant suggests that his sentencing was based upon a factor not proven at trial, i.e., his use of violence, in violation of *Apprendi v New Jersey* (530 US 466, 490 [2000]) and its progeny, he is incorrect. First, violence is not an element of burglary in the second degree. Second, a factual determination that defendant engaged in violence is not a prerequisite to classifying that crime pursuant to Penal Law § 70.02, as the conviction alone qualified defendant for the enhanced sentenc-

ing provided by that statute.* Simply put, defendant's meritless disagreement with the legislative classification of this crime does not raise a legitimate *Apprendi* issue, and Supreme Court correctly denied defendant's CPL article 440 motion on this ground.

Finally, we are not persuaded by defendant's request for a reduction in his 10¹/₂-year sentence. Supreme Court, cognizant of the factors cited in mitigation, imposed a sentence in the midrange (*see* Penal Law § 70.06 [6] [b]) and, given defendant's extensive criminal history and his invasion of the sanctity of this home, we discern no extraordinary circumstances or abuse of discretion warranting a sentence reduction in the interest of justice.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment and order are affirmed.

---

* Notably, the maximum sentence for a class C felony is 15 years, whether it is classified as a regular felony (*see* Penal Law § 70.00 [2] [c]), violent felony (*see* Penal Law § 70.02 [3] [b]) or where defendant is sentenced as a second felony offender for a regular class C felony (*see* Penal Law § 70.06 [3] [c]), or where a defendant, as here, is sentenced as a second felony offender for a violent class C felony (*see* Penal Law § 70.06 [6] [b]).