■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY OSTRANDER, Appellant. [847 NYS2d 791]—

Kane, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered July 12, 2006, convicting defendant following a nonjury trial of the crime of burglary in the second degree.

Defendant entered a home belonging to some family friends

without their permission, but ran out when he heard a woman scream. Following a nonjury trial, defendant was convicted of burglary in the second degree. County Court sentenced defendant, as a second violent felony offender, to 12 years incarceration and five years of postrelease supervision. Defendant appeals.

Defendant's conviction was supported by legally sufficient evidence and was not against the weight of the evidence. As relevant here, the People were required to prove that defendant knowingly entered a dwelling with intent to commit a crime therein (see Penal Law § 140.25 [2]). The People did not need to prove which particular crime defendant intended to commit, nor that the intended crime was actually committed (see *People v Mackey*, 49 NY2d 274, 279 [1980]; *see also People v Johnson*, 38 AD3d 1057, 1058 [2007]). In his statements to police, defendant acknowledged that he knowingly entered a dwelling, but claimed that he thought the friends were away and he was just checking the house for them. Thus, defendant's intent was the only contested element.

Based on the subjective nature of that element, intent may be inferred from the circumstances of the intruder's unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner (*see People v Moore*, 285 AD2d 827, 828 [2001], *lvs denied* 97 NY2d 685 [2001], 98 NY2d 678 [2002]; *People v Mitchell*, 254 AD2d 830, 831 [1998], *lv denied* 92 NY2d 984 [1998]). Defendant parked down the road from the house, rather than in the driveway, and a path through brush led from his vehicle to the house. It was a hot summer night, but defendant wore a dark sweatshirt with the hood over his head. He entered the home after 11:00 P.M. on a night when he knew that the husband and children would be out of town, leaving the wife home alone. His knowledge that the wife would be home conflicted with his statement that he was checking the house because the family was away. Despite his claim that he was checking the house to protect it for his friends, he fled after hearing a scream and did not thereafter call his friends or the police. When the police first approached him regarding this incident, defendant stated that he was at home that night, but after further questioning he acknowledged being at the house. This record evidence was legally sufficient to establish defendant's intent. Upon weighing this evidence and all inferences reasonably drawn from it, we conclude that the verdict was not against the weight of the evidence (*see People v Johnson*, 38 AD3d at 1058; *People v Porter*, 35 AD3d 907, 909 [2006], *lv denied* 8 NY3d 926 [2007]; *People v Moore*, 285 AD2d at 829).

County Court did not abuse its sentencing discretion. Defendant's sentence, which was less than the permitted maximum, was appropriate given his invasion of a family's home and his prior violent felony conviction (*see People v Johnson*, 38 AD3d at 1060; *People v Jackson*, 25 AD3d 1012, 1014 [2006], *lv denied* 6 NY3d 849 [2006]).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.