## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 30, 2014                    104845
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

DANIEL P. SABINES,
                    Appellant.
_____

Calendar Date:  September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____

    Linda B. Johnson, West Sand Lake, for appellant.

    Joseph A. McBride, District Attorney, Norwich (Michael J. Genute of counsel), for respondent.

_____

McCarthy, J.P.

    Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered December 16, 2011, upon a verdict convicting defendant of the crime of burglary in the second degree.

    A homeowner heard a hall closet door opening and the sounds of rummaging in a bedroom on the second floor of his house.  When he discovered defendant on that floor, defendant fled.  A jury convicted defendant of burglary in the second degree.  County Court sentenced him, as a second felony offender, to nine years in prison followed by five years of postrelease supervision.  Defendant appeals.

The verdict was not against the weight of the evidence. A person is guilty of burglary in the second degree if he or she "knowingly entered a dwelling with intent to commit a crime therein" (People v Ostrander, 46 AD3d 1217, 1218 [2007]; see Penal Law § 140.25 [2]). "[I]ntent may be inferred from the circumstances of the intruder's unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner" (People v Ostrander, 46 AD3d at 1218; accord People v Pierce, 106 AD3d 1198, 1199 [2013]). The homeowner testified that he heard someone on the second floor, he observed that boxes and hangers in a closet in the bedroom had been moved, and he encountered defendant on the second floor, without permission to be in the house. When he asked defendant what he was doing, defendant responded "nothing," then ran out of the house. Text messages between defendant and his codefendant can be interpreted as indicating that they intended to rob houses for money on the day in question (see People v Pierce, 106 AD3d at 1200). Defendant's statement to police indicates that he entered the house through the back door, spent three or four minutes going through the rooms on the first floor, then went upstairs. In his statement, he admitted that his intent in going into the house was to get money to support his drug addiction. In both his statement and testimony, he acknowledged that he fled when confronted by the homeowner, discarded his red hat and red shirt in a creek, and was wearing a black shirt when found by police. His flight and purposely changing his clothing to avoid detection can be considered as evidence of consciousness of guilt (see People v Bell, 108 AD3d 795, 797 [2013], lv denied 22 NY3d 995 [2013]). Defendant testified that he knocked on the back door while attempting to obtain signatures on a political petition, thought he heard someone say that he could come in, was looking for that person inside the house to get a signature, and denied that he intended to take any money or property when he entered the house. Deferring to the jury's credibility findings, which clearly did not credit defendant's trial testimony concerning his intent, the weight of the evidence supports the verdict (see People v Ostrander, 46 AD3d at 1218; People v Haight, 19 AD3d 714, 716 [2005], lv denied 5 NY3d 806 [2005]).

County Court did not err in denying defendant's motion to suppress the homeowner's showup identification of defendant. Defendant was not handcuffed when the homeowner saw him, but was sitting or leaning on the bumper of a police car next to a uniformed officer and another police officer who was not in uniform. The homeowner immediately identified defendant and noted that he had changed his clothing. This procedure was not unduly suggestive (see People v Harris, 64 AD3d 883, 884 [2009], lv denied 13 NY3d 836 [2009]). Although witnesses at the hearing differed as to whether the identification occurred within 10 minutes or up to 30 minutes after defendant fled the house, there is no bright line rule to determine the timeliness of a showup (see People v Brisco, 99 NY2d 596, 597 n [2003]). The showup here was reasonable considering that it "took place at the scene of the crime, within an hour of the commission of the crime, and in the context of a continuous, ongoing investigation" (id. at 597; see People v Tillman, 57 AD3d 1021, 1023 [2008]). Thus, defendant was not entitled to suppression of the identification.

County Court properly denied defendant's motion to suppress his oral and written statements. The statements were preceded by a knowing and voluntary waiver of his Miranda rights. The investigator's comments indicating that defendant might be permitted to participate in drug court if he confessed, and that it would benefit him to talk, did not constitute fundamentally unfair or deceptive practices that render defendant's statements involuntary (see People v Wolfe, 103 AD3d 1031, 1035 [2013], lv denied 21 NY3d 1021 [2013]). Voluntariness, including as related to claims of impairment by a physical condition or medication, must be determined from the totality of the circumstances (see People v Balram, 47 AD3d 1014, 1014 [2008], lv denied 10 NY3d 859 [2008]; People v Hughes, 280 AD2d 694, 695 [2001], lv denied 96 NY2d 801 [2001]). The statements were not rendered involuntary just because defendant told the investigator that he had taken prescription drugs that day, considering that hearing testimony and the videotaped interview established that defendant was lucid and coherent and even pointed out an error in the written statement (see People v Balram, 47 AD3d at 1015). Thus, suppression was not warranted.

Defendant did not preserve his current challenge to the jury charge, as he did not object to the charge as given or request a different charge on circumstantial evidence (see People v Davis, 105 AD3d 1095, 1097 [2013], lv denied 21 NY3d 1003 [2013]).  To the extent that defendant argues that his counsel was ineffective for failing to object or request a different charge, his argument is unavailing.  The charge was proper because the People relied on both direct and circumstantial evidence (see People v Barnes, 50 NY2d 375, 379-380 [1980]; People v Pope, 96 AD3d 1231, 1235 [2012], lv denied 20 NY3d 1064 [2013]).  Similarly, while counsel did not object during the prosecutor's opening statement or summation or to certain questions that the People asked defendant on cross-examination, rendering such issues unpreserved, counsel was not ineffective because most of those objections would not have been successful. Additionally, counsel could have strategically chosen not to object to certain of the other questions or statements.  We cannot find counsel ineffective for failing to file a speedy trial motion, inasmuch as the record does not contain information indicating that such a motion would have been successful.

We have considered defendant's remaining contentions and find them unavailing.

Rose, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court