People v Kamenev (2020 NY Slip Op 00301)





People v Kamenev


2020 NY Slip Op 00301


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2014-06293
 (Ind. No. 9122/11)

[*1]The People of the State of New York, respondent,
v
Dimitry Kamenev, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered June 16, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress lineup identification testimony and statements he made to law enforcement officials.
ORDERED that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress lineup identification testimony and statements he made to law enforcement officials are granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was charged with murder in the second degree and two counts of criminal possession of a weapon in the second degree arising from an incident on October 20, 2011, in which he allegedly shot and killed his ex-wife. The defendant moved, inter alia, to suppress lineup identification testimony and statements he made to law enforcement officials on October 24, 2011, on the ground that the police lacked probable cause to arrest him. After a hearing, the Supreme Court denied those branches of the defendant's omnibus motion, finding that the police had probable cause to arrest the defendant based upon "the independent police investigation of obtaining video recordings of defendant leaving his house shortly before the shooting, as well as the eyewitnesses' description and identification of defendant from a photographic image taken from one of the videos." Following a jury trial, the defendant was convicted of murder in the second degree and two counts of criminal possession of a weapon in the second degree.
Initially, the defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear [*2]the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, we disagree with the Supreme Court's finding that the police had probable cause to arrest the defendant, and the court should have granted those branches of the defendant's omnibus motion which were to suppress lineup identification testimony and statements he made to law enforcement officials. " Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' by the suspected individual" (People v Moziy, 167 AD3d 655, 656, quoting People v Bigelow, 66 NY2d 417, 423). However, probable cause "does require more than mere suspicion," and "[c]onduct which is equally susceptible to innocent or culpable interpretation cannot give rise to probable cause" (People v Thompson, 132 AD2d 719, 720; see People v Vandover, 20 NY3d 235, 237).
Contrary to the Supreme Court's finding, no evidence was presented at the hearing that the defendant was identified "from a photographic image taken from one of the videos." Detective John Kenney testified that a witness provided a description of the person she had seen holding a gun after shots were fired, including that the person was riding a bicycle. Kenney indicated that the witness was shown a photograph taken from a video recorded outside a restaurant near the scene of the crime, and that the witness identified the person depicted in the photograph as the individual she had seen holding a gun. Kenney also testified that another witness identified the person depicted in that photograph as the individual he had seen riding a bicycle after hearing the gunshots. However, no testimony was elicited that the person depicted in the photograph was identified as the defendant. Further, Detective Patrick Henn testified that another video was recorded across the street from the defendant's home "just before the crime," showing a person who "appeared to be the defendant" leaving his home several blocks away from the scene of the crime on a bicycle. However, no testimony was elicited that the witnesses were shown a photograph taken from the video of the defendant's home, let alone that the witnesses identified the person depicted in that video as the person they saw holding a gun or riding a bicycle after the shots were fired. The mere fact that a person believed to be the defendant was observed riding a bicycle several blocks away from the scene of the crime, shortly before the shooting, is too innocuous, standing alone, to support a finding of probable cause (see People v Delvillartron, 120 AD3d 1429, 1432; People v Dossantos, 137 AD2d 763, 763-764; People v Thompson, 132 AD2d at 720). Further, Henn's conclusory testimony that the defendant "became the prime suspect" based on "[v]ideos and canvasses conducted," without further details, was insufficient to demonstrate the existence of probable cause (see People v Oliver, 92 AD3d 900, 901). Consequently, the People failed to establish that the police had probable cause to arrest the defendant, and thus, the court should have suppressed, as fruits of the unlawful arrest, the lineup identification testimony and the defendant's statements made to law enforcement officials on October 24, 2011 (see People v Powell, 101 AD3d 756, 758).
"This Court is statutorily limited to reviewing errors or defects that may have adversely affected the appellant' (CPL 470.15[1]), and thus has no power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court'" (People v Thomas, 167 AD3d 1050, 1051, quoting People v LaFontaine, 92 NY2d 470, 474; see People v Concepcion, 17 NY3d 192, 195). While the People argue on appeal that the defendant was not in police custody at the time he made the statements on October 24, 2011, the Supreme Court did not rule upon that issue, and thus, this Court is precluded from reviewing it on the defendant's appeal (see People v Scott, 133 AD3d 794, 797-798).
Furthermore, contrary to the People's contention, the improper admission of evidence cannot be deemed harmless error under the circumstances presented (see People v Crimmins, 36 NY2d 230, 242; People v James, 128 AD3d 723, 727-728).
In light of our determination, we need not reach the defendant's remaining contentions.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court