OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The trial court did not err in including on the verdict
 
 *992
 
 sheet a direction regarding the order in which the submitted charges should be considered. This direction implemented CPL 310.20, which authorizes the court to give the jury a verdict sheet containing "the offenses submitted to the jury * * *
 
 and the possible verdicts thereon. ”
 
 (Emphasis added.) The problem presented by this case is distinguishable from that presented in
 
 People v Sotomayer
 
 (79 NY2d 1029). The verdict sheet in
 
 Sotomayer
 
 contained an unauthorized instruction regarding the effect of the justification defense as well as a direction on the order in which the charges should be considered. That combination "created a risk that the jury’s deliberative process would be 'unfairly skewed’ ”
 
 (id.,
 
 at 1030, quoting
 
 People v Taylor,
 
 76 NY2d 873, 874).
 

 We also reject defendant’s contention that Penal Law § 125.25 (4), the statute under which she was convicted, is unconstitutionally vague. This Court held in
 
 People v Poplis
 
 (30 NY2d 85, 88) that "conduct with 'depraved indifference’ to 'human life’ * * * is the kind [of conduct] which has been rather well understood at common law.” In fact, we stated in
 
 Poplis
 
 that brutality toward a child, such as the conduct with which defendant was charged, "fits within the accepted understanding of the kind of recklessness involving 'a depraved indifference to human life’ ”
 
 (id.,
 
 at 88). Contrary to defendant’s argument, our decision in
 
 People v Register
 
 (60 NY2d 270,
 
 cert denied
 
 466 US 953) did not unsettle this well-established common-law understanding of the "depraved indifference” element. Rather, it merely clarified that that element is an objective aggravating circumstance rather than a part of the crime’s mens rea.
 

 Similarly, the fact that the statute encompasses conduct "which creates a grave risk of serious physical injury
 
 or
 
 death” (emphasis supplied) does not render the statute unconstitutionally vague, since the type and level of risks to be avoided by the actor are specifically delineated
 
 (see, e.g., People v Gomez,
 
 65 NY2d 9). Finally, the differential treatment of those who intentionally set out to injure but cause death
 
 (see,
 
 Penal Law § 125.20 [1]) and those who recklessly cause death while acting under "circumstances evincing a depraved indifference to human life” does not violate any substantive due process or equal protection rights. The Legislature could rationally conclude that the existence of circumstances evincing "depraved indifference” is an aggravating factor warranting more serious punishment, even where the conduct was accompanied by a reckless rather than an intentional mental state.
 

 
 *993
 
 Finally, we reject defendant’s suggestion that her conviction should be reversed because of a claimed exclusion from the pretrial
 
 Sandoval
 
 hearing
 
 (see, People v Dokes,
 
 79 NY2d 656), since her claim is lacking in substantive merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.