■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES COLLINS, Appellant. [728 NYS2d 765] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered March 23, 1999, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, criminal trespass in the second degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court charged the jury as to the counts in the indictment, and advised the jury that it would be supplied with a verdict sheet listing the counts and the choices it could make during deliberations, but did not, at that time, instruct the jury as to the order, if any, in which it was to consider the different counts.

Thereafter, with the defendant present, defense counsel requested that the verdict sheet be changed to permit the jury to consider the first count of the indictment, burglary in the second degree, and the second count, burglary in the third degree, in the alternative. The Supreme Court agreed. The defendant was then excused from the courtroom at his counsel's request. Defense counsel did not object when the Supreme Court informed the court officer that the defendant need not be returned to the courtroom. The Supreme Court then stated that the verdict sheet would state: "If guilty of count one proceed to count three. If not guilty [of count one] proceed to count two and then from count two proceed to count three."

Defense counsel then moved to dismiss the second count, burglary in the third degree, and the Supreme Court granted the motion. Both parties and the Supreme Court subsequently agreed that in order to avoid recharging the jury, the court would submit the charges in the alternative as previously discussed, and that it would dismiss the second count if the jury found the defendant guilty of that count. This became academic when the jury found the defendant guilty, *inter alia,* of the first count, burglary in the second degree.

Contrary to the defendant's contention, the Supreme Court properly declined to recall the jury and recharge it before submitting to it the verdict sheet containing the instruction

that the first and second counts were to be considered in the alternative. Both the defendant and his counsel were present when it was agreed upon that those counts were to be submitted to the jury in the alternative and the Supreme Court began to consider how to word the verdict sheet. Under these circumstances, there was no error in submitting the agreed-upon verdict sheet without recalling the jury for further instructions (*see, People v Angelo,* 88 NY2d 217, 224).

The defendant's contention that the Supreme Court improperly directed a court officer to furnish the jury with the verdict sheet is unpreserved for appellate review (*see, People v Pagan,* 93 NY2d 891). In any event, the court officer's action, which consisted of merely handing the verdict sheet to the jury, constituted a ministerial act which did not require the presence of the Trial Judge and the parties (*see, People v Rutkoski,* 225 AD2d 638). Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.