OPINION OF THE COURT
Levine, J.
Defendant was charged in an indictment with burglary in the second and third degrees, criminal possession of stolen *16 property in the fifth degree, criminal trespass in the second degree and petit larceny. The second degree burglary count accused defendant of knowingly entering and remaining unlawfully in the victim’s apartment with the intent to commit a crime therein. The allegations underlying the third degree burglary count were that defendant knowingly broke into the building in which the victim’s apartment was located with the same intent.
At the conclusion of the trial, Supreme Court charged the jury on each of the counts in the indictment and explained that the jury would be given a verdict sheet. The court did not charge the jury to consider burglary in the third degree only if it acquitted defendant of burglary in the second degree, and defense counsel neither requested such a charge nor objected to its omission.
After the jury retired and in defendant’s presence, the court granted defense counsel’s request to add language to the verdict sheet directing the jury to consider the counts of burglary in the second degree and burglary in the third degree in the alternative — i.e., to consider burglary in the third degree only if defendant was acquitted of burglary in the second degree. The court then excused defendant, who asked to use the restroom. While defendant was absent, the court and the attorneys decided upon the specific language that would be included in the verdict sheet.
Defense counsel — still in defendant’s absence — then orally moved to dismiss the third degree burglary count on the ground that the People had not established that defendant was anywhere in the building other than in the victim’s apartment. The court granted the motion. Defense counsel also agreed that rather than return the jury to the courtroom to be advised that the third degree burglary charge was dismissed, the court would submit the charges in the alternative in the verdict sheet and then dismiss the third degree burglary count in the event of an acquittal of second degree burglary and a guilty verdict on the third degree count.
The next day, in response to a jury note, the court orally and in defendant’s presence reinstructed the jury on all counts. The court did not instruct the jury to consider burglary in the third degree only if it found defendant not guilty of burglary in the second degree and defendant did not request such an instruction. Defendant was convicted of burglary in the second degree, criminal possession of stolen property in the fifth *17 degree, criminal trespass in the second degree and petit larceny. The Appellate Division affirmed (285 AD2d 653).
Defendant’s primary claim is that the procedure used to instruct the jury to consider the second and third degree burglary claims in the alternative, as described above, constituted a mode of proceedings error that requires reversal despite the conceded failure to preserve the issue by appropriate objection or request. Defendant argues that the instruction to consider the counts in the alternative involved a substantive legal principle and, thus, the court was required to recall the jury and charge it orally to that effect. Defendant contends that by delivering that instruction through the verdict sheet, rather than recharging the jury in his presence, the court violated defendant’s right to be present during a material stage of the trial. We disagree.
It is true that a criminal defendant has the “right to be present during instructions to the jury ‘where the court is required to state the fundamental legal principles applicable to criminal cases generally, as well as the material legal principles applicable to a particular case and the application of the law to the facts’ * * * as well as the court’s instructions in response to the jury’s questions about the evidence” (People v Harris, 76 NY2d 810, 812 [citations omitted]). These rights are implemented in CPL 310.30 when a deliberating jury requests further information or instruction. Then the court “must direct that the jury be returned to the courtroom” and, after notice to counsel “and in the presence of the defendant, must give such requested information or instruction as the court deems proper.” (Id.) Failure to comply with the mandates of CPL 310.30 — through, for example, submission of a verdict sheet that lists statutory elements without the defendant’s consent, or the court’s response to a jury’s request for a clarification of testimony — affects the mode of proceedings prescribed by law (see People v Damiano, 87 NY2d 477, 480; People v Mehmedi, 69 NY2d 759, 760; cf., People v Ciaccio, 47 NY2d 431, 437 [holding that it was reversible error under former CPL 310.10 for a court clerk to instruct a deadlocked jury to continue deliberating due to the amount of time and money already expended in the case]). Thus, even where a defendant fails to object to such substantive irregularities in instructing the jury, an issue of law is presented for our review (People v Mehmedi, 69 NY2d at 760). Not every communication, however, requires that the jury be recalled or that defendant be present. Where a communication is “ministerial * * * [and] wholly unrelated to the *18 substantive legal or factual issues of the trial,” the defendant’s presence is not required (People v Harris, 76 NY2d at 812).
We conclude that the written communication in this case did not violate defendant’s right to be present under CPL 310.30. That communication was specifically authorized under CPL 310.20 — the controlling statutory provision in this case. CPL 310.20 (2) provides that the jury may take into deliberations “[a] written list prepared by the court containing the offenses submitted to the jury by the court in its charge and the possible verdicts thereon” (emphasis added). Relying on that provision, this Court has held that a trial court may include on a verdict sheet “a direction regarding the order in which the submitted charges should be considered” (People v Cole, 85 NY2d 990, 992). The verdict sheet instruction to the jury in this case was substantively indistinguishable from that authorized under Cole. Indeed, defendant does not dispute that the particular instruction at issue here was authorized by CPL 310.20.*
If a court, thus, may give this instruction on a verdict sheet, it necessarily follows that it may be lawfully submitted in that form outside the presence of the defendant. Thus, the submission of the instruction on the verdict sheet violated neither CPL 310.30 nor any other right of the defendant to be present. In reality, the error, if any, complained of here ultimately comes down to the failure of the trial court to orally charge the jury to consider the counts in the alternative, in addition to submission of that instruction in the verdict sheet. Such a challenge, however, must be preserved (see CPL 470.05 [2]; People v Holzer, 52 NY2d 947, 948). Defendant’s conceded failure to object or request such a supplemental oral instruction is therefore fatal to his claim.
Finally, defendant’s claim that he should have been present when the content of the verdict sheet instruction was discussed and drafted is also unavailing. Defendant was present when his counsel requested the addition to the verdict sheet of language directing the jury to consider the burglary counts in the alternative, and the request was granted. Only the language of the instruction was resolved when, at his own request, he left to go to the restroom. At that point, his pres *19 ence was unnecessary, both because it entailed only a ministerial act (see People v Harris, 76 NY2d 810, 812) and involved a purely legal argument to which defendant had nothing to contribute (People v Roman, 88 NY2d 18, 28; People v Velasco, 77 NY2d 469, 472).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Order affirmed.

 Although CPL 310.20 permits a court to instruct a jury on the order in which charges should be considered, we do not address whether these particular counts — burglary in second and third degrees — should have been charged in the alternative on the evidence in this case.