■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE JOHNSON, Appellant. [810 NYS2d 190]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered August 10, 2004, convicting defendant, after a jury trial, of persistent sexual abuse, and sentencing him to a term of 2 to 4 years, unanimously affirmed.

The record does not establish that defendant was absent from a preliminary discussion of *Sandoval* issues at sidebar (*see People v Foster*, 1 NY3d 44, 48 [2003]; *People v Smith*, 208 AD2d 455 [1994], *lv denied* 84 NY2d 1039 [1995]). The jury was absent from the courtroom, and "it would be entirely speculative to conclude that the sidebar was conducted in a hushed dialogue out of defendant's hearing" (*People v Gonzalez*, 203 AD2d 192 [1994], *lv denied* 84 NY2d 826 [1994]). Moreover, following the sidebar, the court held an essentially de novo hearing in open court, where defendant had the opportunity to provide meaningful input into the determination (*see People v Martinez*, 261 AD2d 143 [1999], *lv denied* 93 NY2d 1022 [1999]).

The court properly declined to reward defendant's courtroom outburst by granting a mistrial (*see e.g. People v Martinez*, 284 AD2d 157 [2001]). Any potential for prejudice that resulted from this behavior was of defendant's own making. Defendant did not preserve his other challenges to the court's handling of his outburst (*People v Lombardo*, 61 NY2d 97, 104 [1984]; *People v Fernandez*, 269 AD2d 167 [2000], *lv denied* 95 NY2d 796 [2000]), or his argument concerning the court's instructions during jury selection, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Tom, J.P., Friedman, Nardelli, Williams and Sweeny, JJ.