■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGILIO SAMO, Appellant. [1 NYS3d 45]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered July 17, 2008, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of any inconsistencies in testimony. Although the People's main witness was an accomplice in the crime, there was extensive evidence provided by nonaccomplice witnesses.

The court articulated a reasonable basis for the exercise of its discretion to have defendant restrained during trial, and the restraint was justified by an essential state interest in courtroom security, specific to this defendant (*see Deck v Missouri*, 544 US 622, 624 [2005]). The court based its decision on defendant's threatening statements and actions only a few weeks earlier at a trial that had resulted in a mistrial. Defendant's threatening behavior was serious, particularly when viewed in the context of belligerent and intimidating conduct by jointly tried codefendants, as well as courtroom spectators. The court minimized any prejudice by taking steps to prevent the jury from seeing defendant's restraints, and by way of an instruction to the jury that defense counsel had requested.

The court properly denied defendant's motion to preclude testimony regarding admissions he made to a fellow inmate while incarcerated on this case, and there was no violation of defendant's right to counsel (*see Massiah v United States*, 377 US 201 [1964]). The record supports the court's finding that the witness was not an agent of the government with regard to the prosecution of this defendant (*see People v Cardona*, 41 NY2d 333 [1977]; *People v Fernandez*, 23 AD3d 317 [1st Dept 2005], *lv denied* 6 NY3d 812 [2006]; *People v Belgrave*, 172 AD2d 335 [1st Dept 1991], *lv denied* 78 NY2d 962 [1991]). Moreover, defendant initiated the conversation and volunteered his statements.

The court properly denied, as untimely, defendant's motion to suppress physical evidence recovered as the result of a search warrant. Defendant had all the information necessary to make a motion to controvert the warrant much earlier in the proceedings. In any event, there was no prejudice because the objects recovered under the warrant added little or nothing to the People's case.

We find that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

Defendant did not preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.