People v Stewart (2024 NY Slip Op 04863)

People v Stewart

2024 NY Slip Op 04863

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

558 KA 23-00756

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHANCE N. STEWART, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Armen J. Nazarian, J.), rendered January 9, 2023. The judgment convicted defendant upon a jury verdict of assault in the first degree (two counts), kidnapping in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1], [2]), one count of kidnapping in the second degree (§ 135.20), one count of criminal possession of a weapon in the third degree (§ 265.02 [1]), and one count of menacing in the second degree (§ 120.14 [1]). Defendant's conviction stems from his conduct in assaulting the victim with a cleaver and knife and holding him in a basement for two hours.
Defendant's contention that County Court violated CPL 270.15 (2) with respect to the sequence for exercising peremptory challenges is not preserved for our review (see People v Mancuso, 22 NY2d 679, 680 [1968], cert denied 393 US 946 [1968], rearg denied 27 NY2d 670 [1970]; People v Watkins, 229 AD2d 957, 958 [4th Dept 1996], lv denied 89 NY2d 931 [1996]; see also People v Newton, 147 AD3d 1463, 1464 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]; People v Davis, 106 AD3d 1510, 1511 [4th Dept 2013], lv denied 21 NY3d 1073 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's contention, the failure to follow the mandates of CPL 270.15 (2) does not fall within the " 'very narrow exception' " of a mode of proceedings error to the preservation rule (People v Mack, 27 NY3d 534, 540 [2016], rearg denied 28 NY3d 944 [2016]).
Defendant further contends that he was denied the right to be present for the court's response to a substantive jury note. Shortly after deliberations began, the jury sent a note requesting a "paper copy of the different elements required to accurately find a guilty verdict on each charge." The court read the contents of the note verbatim in the presence of the prosecutor and defense counsel, and the parties agreed to the court giving the jury a written copy of the jury charge with respect to the elements of the charged crimes. The court said that it would provide the document to the jury and would let the jury resume deliberations. Defendant failed to preserve his present contention for our review (see CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the alleged error with respect to the jury note constitutes a mode of proceedings error for which the preservation rule does not apply. We agree with defendant "that a criminal defendant has the right to be present during instructions to the [*2]jury where the court is required to state the fundamental legal principles applicable to criminal cases generally, as well as the material legal principles applicable to a particular case and the application of the law to the facts . . . as well as the court's instructions in response to the jury's questions about the evidence . . . These rights are implemented in CPL 310.30 when a deliberating jury requests further information or instruction" (People v Collins, 99 NY2d 14, 17 [2002] [internal quotation marks omitted]; see People v Rivera, 23 NY3d 827, 831 [2014]). The failure to comply with the mandates of CPL 310.30 regarding nonministerial instructions affects the mode of proceedings prescribed by law (see Rivera, 23 NY3d at 831; Collins, 99 NY2d at 17). However, "[n]ot every communication . . . requires that the jury be recalled or that defendant be present," such as ministerial communications (Collins, 99 NY2d at 17; see Rivera, 23 NY3d at 832). We conclude that, under the circumstances of this case, the court's act of providing the written instructions to the jury constituted a ministerial act for which defendant's presence was not required (see generally People v Muhammad, 171 AD3d 442, 449 [1st Dept 2019], affd 34 NY3d 1152 [2020]; People v Williams, 21 NY3d 932, 935 [2013]; Collins, 99 NY2d at 18).
Defendant's contention that the court failed to respond meaningfully to a jury note requesting clarification on the kidnapping charge is not preserved for our review (see People v Santiago, 101 AD3d 1715, 1717 [4th Dept 2012], lv denied 21 NY3d 946 [2013]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We agree with defendant, however, that he was deprived of his right to effective assistance of counsel. We conclude that defense counsel made several significant errors at trial and that the cumulative effect of those errors was prejudicial enough to deprive defendant of meaningful representation and a fair trial (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Young, 167 AD3d 1448, 1449 [4th Dept 2018], lv denied 33 NY3d 1036 [2019]).
The first error occurred during voir dire when defense counsel failed to object to patently improper comments from the prosecutor regarding his ability to sleep at night now that he is a prosecutor and no longer a defense attorney. Perhaps it was a legitimate strategy for defense counsel not to object to the first improper comment of that nature given that defense counsel may not have wanted to draw more attention to the prejudicial comment. For the same reason, defense counsel might be excused for not objecting when the prosecutor repeated the comment to the same group of prospective jurors. We can discern no legitimate strategy, however, for defense counsel to remain quiet when the prosecutor made the same comment for the third, fourth and fifth times during voir dire. At some point, defense counsel was obligated to protect defendant from the prejudice arising from the repeated acts of prosecutorial misconduct and, at the very least, request a curative instruction from the court.
Defense counsel also erred in not objecting—and, indeed, consenting—to the court's unlawful procedure of having the parties alternate which side went first in declaring whether they wished to exercise a peremptory challenge to a particular prospective juror. CPL 270.15 (2) provides that the People "must exercise their peremptory challenges first and may not, after the defendant has exercised [the defendant's] peremptory challenges, make such a challenge to any remaining prospective juror who is then in the jury box." After the court stated that its practice was to have parties alternate their exercise of peremptory challenges, defense counsel, evidently unaware of the statute's mandate, said, "I'll go first. He can go first. I don't care." As a result, on numerous occasions during voir dire defense counsel stated whether or not she was peremptorily challenging a prospective juror before the prosecutor was required to state his position.
Although the court's violation of CPL 270.15 (2) does not constitute a mode of proceedings error, it was certainly prejudicial to defendant and we can conceive of no legitimate strategy for defense counsel's acquiescence to the unlawful procedure. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, "[o]ur review of this record indicates that defendant was not afforded meaningful representation and was therefore deprived of a fair trial" (People v Gugino, 132 AD2d 989, 989 [4th Dept 1987]).
Finally, we have reviewed defendant's remaining contentions and conclude that they are either unpreserved, lacking in merit, or academic in light of our determination.
All concur except Greenwood, and Keane, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm the judgment. We agree with the majority that defendant's contentions that County Court violated CPL 270.15 (2), that he was denied the right to be present for the court's response to a substantive jury note, and that the court failed to respond meaningfully to a jury note are not preserved for our review (see CPL 470.05 [2]), and we would decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
The majority agrees with defendant that he was denied effective assistance of counsel, but we cannot agree. Meaningful representation, of course, does not mean " 'perfect representation' " (People v Ford, 86 NY2d 397, 404 [1995]). Defendant contends that defense counsel failed to object when the prosecutor remarked several times to prospective jurors during voir dire that he "sleep[s] better" after becoming a prosecutor instead of a defense counsel. Although we in no way condone the conduct of the prosecutor (see generally People v Thompson, 126 AD3d 1486, 1486-1487 [4th Dept 2015], lv denied 26 NY3d 1092 [2015]; People v Herman, 187 AD2d 1027, 1028 [4th Dept 1992]), we conclude that defendant failed to show "the absence of strategic or other legitimate explanations" (People v Hogan, 26 NY3d 779, 785 [2016] [internal quotation marks omitted]; see People v Benevento, 91 NY2d 708, 712 [1998]) for defense counsel's failure to object (see generally People v Masi, 151 AD3d 1389, 1391 [3d Dept 2017], lv denied 30 NY3d 1062 [2017]). Defense counsel may have used the prosecutor's remarks to determine whether any prospective jurors harbored the same sentiment as the prosecutor.
Defense counsel's failure to object to testimony referencing defendant's past incarceration did not constitute ineffective assistance. The victim and another prosecution witness were former and current, respectively, incarcerated individuals who testified that they knew defendant from their time in prison. Any objection to that testimony would have had "little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see generally People v Young, 190 AD3d 1087, 1092-1093 [3d Dept 2021], lv denied 36 NY3d 1102 [2021]; People v Samo, 124 AD3d 412, 413 [1st Dept 2015], lv denied 26 NY3d 934 [2015]). With respect to defense counsel's failure to object to certain testimony regarding a prior bad act committed by defendant, i.e., the victim's testimony that defendant had tried to rape him, the victim made that statement during cross-examination, and defense counsel used it to her advantage in attempting to portray the victim as not credible in his recollection of the incident. There was thus a "reasonable and legitimate strategy" for defense counsel's failure to object (Benevento, 91 NY2d at 713).
Regarding defense counsel's failure to object to the court's procedure of having the parties alternate which side went first in exercising peremptory challenges in violation of CPL 270.15 (2), upon our review of the record we conclude that defendant was not prejudiced by defense counsel's failure to object (see generally People v Lostumbo, 182 AD3d 1007, 1010 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). Viewing the evidence, the law, and the circumstances of the case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Inasmuch as we conclude that the remaining contentions raised by defendant do not require reversal or modification of the judgment, we would affirm.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court