People v Gomez (2025 NY Slip Op 01875)

People v Gomez

2025 NY Slip Op 01875

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Ind No. 5328/14|Appeal No. 3996-3996A-3996B|Case No. 2017-3037 2019-04865 2023-05306|

[*1]The People of the State of New York, Respondent,
v
Heriberto Gomez, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances Weil of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered April 7, 2017, as amended April 21, 2017, convicting defendant, after a jury trial, of seven counts of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 16 years to life, unanimously affirmed. Order, same court and Justice, entered on or about April 10, 2019, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed. Order, same court (Ruth Pickholz, J.), entered on or about June 2, 2023, which denied defendant's second CPL 440.20 motion to set aside the sentence, unanimously affirmed.
Defendant was not denied the right to be present for a material stage of his trial when counsel and the court had a preliminary, informal conference addressing potential jury charges (see People v Collins, 99 NY2d 14, 19 [2002]; People v Davis, 172 AD2d 273, 273 [1st Dept 1991], lv denied 78 NY2d 921 [1991]). The informal conference addressed a purely legal matter, namely whether there was a reasonable view of the evidence presented thus far supporting an intoxication instruction (see Collins at 19). In any event, the court made no determinations at that time, and shortly after the informal conference, it summarized the discussions for defendant, at which time defendant was offered an opportunity to speak with counsel and could have provided input if warranted (see People v Johnson, 27 AD3d 238, 238 [1st Dept 2006], lv denied 7 NY3d 790 [2006]). The informal conference was merely preliminary to a subsequent proceeding in court which was held in defendant's presence, and defendant had an opportunity to provide meaningful input at that subsequent time as well (see People v Torres, 61 AD3d 489, 490 [1st Dept 2009], lv denied 12 NY3d 921 [2009]).
The court properly denied defendant's request to submit burglary in the third degree as a lesser included offense, since there was no reasonable view of the evidence that would support a finding that defendant committed only the lesser offense but not the greater (see generally People v Glover, 57 NY2d 61, 63 [1982]). More specifically, defendant failed to present any reasonable view of the evidence that these buildings' common areas, which included the building lobbies, basements and a courtyard, were inaccessible to the residents of the buildings so as to render this a burglary of a building but not a "dwelling" (see People v Joseph, 28 NY3d 1003, 1006 [2016]; People v Carlucci, 196 AD3d 418, 419 [1st Dept 2021], lv denied 37 NY3d 1026 [2021]).
Defendant's argument that the court should have issued an expanded charge concerning the meaning of the term "dwelling" is unpreserved, and we decline to consider it in the interest of justice. As an alternative holding, we find that the court properly declined to issue the expanded charge, as there was no evidence reasonably supporting it (see generally People v J.L., 36 NY3d 112, 119 [2020]; People v Jones[*2], 73 NY2d 902, 903 [1989]).
We have considered and rejected defendant's constitutional challenges to his sentence and his claim that his sentence is irrational (see People v Cortes, 193 AD3d 659, 660 [1st Dept 2021], lv denied 37 NY3d 964 [2021]; People v Corey, 190 AD3d 620, 621 [1st Dept 2021], lv denied 37 NY3d 964 [2021]; People v Johnson, 38 AD3d 1057, 1059 [3d Dept 2007]).
We do not reach defendant's arguments concerning whether the United States Supreme Court's holding in Erlinger v United States (602 US 821 [2024]) renders unconstitutional the sentencing procedures used to determine that he was a persistent violent felony offender. Defendant did not contest the relevant periods of incarceration as a threshold matter (see People v Hernandez, __ NY3d __, 2025 NY Slip Op 00904 [2025]); and, defendant waived the issue and relinquished the argument that the People had not established the dates of incarceration (see People v Stanton, 234 AD3d 602 [1st Dept 2025]). We also note that even if defendant had established a constitutional violation premised on Apprendi v New Jersey (530 US 466 [2000]), such violation would be subject to harmless error review (see People v Kozlowski, 11 NY3d 223, 250 [2008], cert denied 556 US 1282 [2009]). We find that any alleged error in this case would be harmless.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025