People v Jackson (2025 NY Slip Op 02163)

People v Jackson

2025 NY Slip Op 02163

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Ind. No. 3881/18|Appeal No. 4124|Case No. 2019-05366|

[*1]The People of the State of New York, Respondent,
v
Lee Jackson, Appellant.

Twyla Carter, The Legal Aid Society, New York (Alyssa Gamliel of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Matthew Colangelo of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered July 1, 2019, as amended September 4, 2019, convicting defendant, after a jury trial, of criminal contempt in the second degree and tampering with a witness in the fourth degree, and sentencing him to concurrent terms of 364 days, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). Defendant, during his testimony, admitted to sending letters to the complainant, in violation of the order of protection, in an effort to dissuade her from testifying, and defense counsel acknowledged the same in his summation.
Defendant did not preserve his contentions that the counts charging second-degree criminal contempt and fourth-degree witness tampering were duplicitous (see People v Maldonado, 177 AD3d 554, 554 [1st Dept 2019], lv denied 34 NY3d 1160 [2020]), and we decline to review them in the interest of justice. As the Court of Appeals has held, "allow[ing] an unpreserved claim of duplicitousness to be raised on appeal would open the door to abuse" because it would permit a defendant to "obtain a new trial on the basis of an error they consciously decided not to challenge because they thought it insignificant, or welcomed it" (People v Becoats, 17 NY3d 643, 651 [2011], cert denied 566 US 964 [2012]).
Defendant's claims of ineffective assistance of counsel, based on his trial counsel's failure to object to certain arguments he raises on appeal, are unreviewable on direct appeal and must be raised in a CPL 440.10 motion (see e.g. People v Rivera, 71 NY2d 705, 709 [1988]). In any event, counsel cannot be ineffective for failing to raise an "argument that has little or no chance of success" (People v Flowers, 28 NY3d 536, 541 [2016] [internal quotation marks omitted]).
Defendant's contention that he was unduly prejudiced by the court's summary of the factual allegations in its preliminary remarks to the venire, and by the remarks made by the prosecutor during her opening statement, are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]; see also People v Robinson, 88 NY2d 1001 [1996]), and we decline to review them in the interest of justice. Defendant's "argument that the alleged defects in the instructions constituted a mode of proceedings error is unavailing" (People v Mason, 213 AD3d 531, 534 [1st Dept 2023], lv denied 39 NY3d 1156 [2023]; see also People v Collins, 99 NY2d 14, 17 [2002]). As an alternative holding, we find no basis for reversal. The prosecutor's remarks to the jury, viewed in light of the court's extensive limiting instructions, were not unduly prejudicial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025